UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WESTPARK CAPITAL, INC., a Colorado Corporation, 1900 Avenue of the Stars, Suite 31, Los Angeles, California 90067,<br><br>　　PLAINTIFF,<br><br>v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., a Delaware Corporation and Non-Governmental Organization, 9513 Key West Ave, Rockville, Montgomery County, Maryland 20850,<br><br>　　DEFENDANT. | *<br>*<br>*   Civil Action No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \*

## VERIFIED COMPLAINT

Plaintiff WestPark Capital, Inc. ("WestPark" or "Plaintiff"), for its Verified Complaint against Defendant Financial Industry Regulatory Authority, Inc. d/b/a FINRA ("FINRA" or "Defendant"), upon knowledge as to its own acts, and upon information and belief as to all other matters, hereby alleges as follows:

### INTRODUCTORY STATEMENT

1.　　This is an action seeking a Temporary Restraining Order against FINRA for breach of contract and the failure of FINRA, a self regulatory organization, to comply with and/or enforce its own arbitration rules.

2.　　Specifically, by Order dated December 10, 2010 (the "Order") – which was received by WestPark at 4:27 PM that same date – FINRA through an arbitration panel (the "Panel") convened under its Code of Arbitration Procedure directed WestPark's Chief Operating

Officer, Jason Stern, who resides in Los Angeles, California, to appear in Baltimore, Maryland for the resumption of the hearing in the pending FINRA arbitration matter, Haugh et al. v. WestPark Capital, Inc. et al., No. 09-04244 (the "FINRA Action") at 10:00 AM, Monday, December 13, 2010.

3. The Panel entered and FINRA accepted the Order in bad faith, despite having been informed, and having full knowledge that Mr. Stern suffers from a medically documented fear of flying which requires him to ingest Alprazolam (the generic form of Xanax) before he travels by airplane.

4. As established by Mr. Stern's physician, the amount of medication prescribed requires 48-72 hours of recovery time.

5. It is well documented that the common side effects of Xanax include lightheadedness, confusion, slurred speech and other adverse reactions.[1]

6. Given the belated Order accepted by FINRA from the arbitration panel, it is physically impracticable for Mr. Stern to provide coherent, reliable testimony on December 13, 2010, after flying from California to Maryland under heavy medication, during the course of a mere two days.

7. FINRA, is required by contract and by its own rules to ensure that evidence in a FINRA arbitration proceeding is presented in a manner that gives each party "a fair opportunity to present its case." The belated Order deprives WestPark of a fair opportunity to present its case by forcing its Chief Operating Officer to appear to testify under the influence of prescription medication.

8. As set forth herein, WestPark respectfully requests this Court to enjoin FINRA from requiring Mr. Stern to testify at the scheduled arbitration hearing, *for a mere two days*,

---

[1] See http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000807.

until Wednesday, December 15, 2010, to allow him to recover from his medicated state and provide competent testimony at hearing on behalf of WestPark.

9. WestPark's request for a short postponement of *only* Mr. Stern's testimony (WestPark has no objection with proceeding with other arguments and witnesses, as scheduled) will not cause undue prejudice to any other party.

10. On the other hand, permitting the arbitration panel under FINRA's jurisdiction to move forward with its Order compelling Mr. Stern to appear in Baltimore at 10:00 AM on December 13, 2010 under heavy medication and unable to coherently provide testimony will cause immediate and irreparable harm to WestPark by subjecting it to potential default judgment and other sanctions before FINRA.

11. Given that the hearing in the FINRA Action compelling the appearance of Mr. Stern is set to begin at 10:00 AM on December 13, 2010, *the same date that this Complaint is being filed*, WestPark will suffer immediate and irreparable injury, loss or damage before the adverse party, FINRA, can be heard in opposition.

12. Counsel for WestPark has attempted to give notice to Defendant FINRA through service of this Verified Complaint on its Maryland registered agent by overnight mail the morning of December 13, 2010, as well as through service by e-mail upon the FINRA case administrator for the FINRA Action. The Court should not require any additional notice at this time given the exigency of the Order compelling the appearance of Mr. Stern at the arbitration hearing at 10:00 AM on December 13, 2010 – the same day this Verified Complaint and accompanying Motion for Temporary Restraining Order is being filed.

13. For these reasons, WestPark respectfully requests that this Court enter an injunction, enjoining FINRA, its respective officers, servants, employees, privies and all other persons in active concert or participation with them, from further breaches of WestPark's rights.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to 15 U.S.C. § 78aa under the Securities and Exchange Act, which vests exclusive jurisdiction over violations of securities laws and regulations, and suits to enforce any liability or duty under those laws and regulations, in the Federal District courts.

15. In addition, this Court has subject matter jurisdiction over WestPark's breach of contract count under 28 U.S.C. § 1332 because of the existing diversity of citizenship between the parties and because, upon information and belief, the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000 (seventy-five thousand dollars).

16. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(a) and (b).

## PARTIES

17. Plaintiff WestPark is, and all times mentioned herein was, a corporation organized and operating under the laws of the state of Colorado with its principal place of business at 1900 Avenue of the Stars, Suite 31, Los Angeles, California 90067.

18. Upon information and belief, Defendant FINRA is, and all times mentioned herein was, a corporation organized and operating under the laws of the state of Delaware, is incorporated in the state of Maryland, and maintains a substantial place of business at 9513 Key West Ave, Rockville, Maryland 20850.

## FACTS

19. On November 22, 2010, WestPark, filed a motion before FINRA in the FINRA Action seeking leave to have its Chief Operating Officer, Mr. Stern, appear by contemporaneous video teleconference at the arbitration hearing dates scheduled for the week of December 13, 2010. *See* Rule 12503(A)(2) Motion for Leave for Jason Stern to Appear at Hearings via Contemporaneous Videoconference (the "WestPark Motion"), attached hereto as Exhibit "A."

20. As set forth in the WestPark Motion, Mr. Stern was directed by FINRA to travel from Los Angeles, California to Baltimore, Maryland and appear hearings in that matter in person as per an order issued by the FINRA Arbitration Panel at the outset of hearings in August 2010.

21. Annexed to the WestPark Motion was a letter from Mr. Stern's physician in Santa Monica, California regarding his prescribing of Alprazolam (the generic form of Xanax) for when Stern travels.

22. As noted by Stern's physician, the amount of medication prescribed requires 48 - 72 hours of recovery time. It is well documented (see *http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000807*) that the common side effects of Xanax include lightheadedness, confusion, slurred speech and other adverse reactions.

23. WestPark argued that, given that Mr. Stern has already appeared before the Panel in person, having him testify in person again would needlessly subject him to physical discomfort beyond the pale of the customary witness who travels by air on a regular basis and render him unable to testify for at least 48 hours following medication.

24. WestPark therefore requested that the Panel permit Mr. Stern to appear at the hearings in December via contemporaneous videoconference.

899660_1

25. Despite WestPark's timely request, dated November 22, 2010, FINRA did not respond to the motion until 4:37 PM on December 10, 2010 – the Friday afternoon before the scheduled hearing dates beginning December 13, 2010. *See* Facsimile to Counsel for WestPark, enclosing the Order, attached hereto as Exhibit "B."

26. The Order denied WestPark's Motion from November 22, 2010, and further ordered that "WestPark shall cause said Jason Stern to appear in person in Baltimore, Maryland at the resumption of the hearing in this matter at 10:00 AM on Monday, December 13, 2010 and to remain in Baltimore, Maryland until such time during the week of December 13, 2010 as his testimony is no longer required by any party to this proceeding."

27. After receiving the Order on Friday afternoon, WestPark took immediate steps to secure Mr. Stern's travel from Los Angeles, California to Baltimore, Maryland. However, due to Mr. Stern's medically documented fear of flying, Mr. Stern will remain under the influence of prescription Xanax and will be unable to testify until December 15, 2010, at the earliest.

### COUNT ONE – DECLARATORY RELIEF THAT FINRA IS IN VIOLATION OF 15 U.S.C. § 78s

28. WestPark repeats and alleges the allegations of Paragraphs 1 through 27 as if set forth herein.

29. FINRA is which is registered with the Securities and Exchange Commission ("SEC") as a self-regulating organization pursuant to the Maloney Act Amendments of the Securities and Exchange Act (SEA), 15 U.S.C. § 78 *et seq.*

30. FINRA is responsible for registering, licensing, and disciplining all securities dealers and their employees in addition to providing an arbitration forum to resolve disputes, and is subject to SEC oversight.

31. Pursuant to 15 U.S.C. § 78aa, this Court has "exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder."

32. Pursuant to 15 U.S.C. § 78s(g)(1), "Every self-regulatory organization shall comply with the provisions of this chapter, the rules and regulations thereunder, and its own rules ..."

33. At issue here, FINRA Code of Arbitration Customer Code Rule 12607, with respect to the order of presentation of evidence and arguments at arbitration, the FINRA panel "has the discretion to vary the order in which the hearing is conducted, ***provided that each party is given a fair opportunity to present its case.***" (Emphasis added).

34. By issuing the Order on December 10, 2010, and ordering WestPark to produce Mr. Stern on Monday morning, December 13, 2010 at 10:00 AM, FINRA was well aware that such an order, if entered by the Panel, would substantially and irreparably prejudice WestPark because of the witness' unique medical condition, requiring him to heavily medicate prior to flying cross-country to the hearing, and rendering him unable to competently testify at the hearing scheduled for 10:00 AM on December 13, 2010.

35. WestPark cannot fairly present its case when its Chief Operating Officer is being compelled to appear and testify while under the influence of heavy medication that causes side effects such as lightheadedness, confusion, slurred speech and other adverse reactions.

36. FINRA acted in bad faith by accepting the Order from the arbitration Panel, with the knowledge that the Order substantially and irreparably prejudices WestPark's ability to have a fair opportunity to present its case in the FINRA Action.

37. Pursuant to FINRA Code of Arbitration Customer Code Rule 12603, "[i]f a party fails to appear at a hearing after having been notified of the time, date and place of the hearing, the panel may determine that the hearing may go forward, and may render an award as though all parties had been present."

38. Thus, the Order fails to give WestPark sufficient time to arrange for the appearance of its witness (in a competent state) and subjects it to being defaulted and/or otherwise sanctioned by FINRA in the amount sought by Claimants in excess of $400,000. *See* Statement of Claim in FINRA Action, attached hereto as Exhibit "C."

39. FINRA, by failing to abide by its own rule, requiring it to permit WestPark to have a fair opportunity to present its case, has violated 15 U.S.C. § 78s(g)(1).

40. There is no administrative remedy available to the Order, and therefore, WestPark has no means to seek an alternative administrative remedy.

41. On information and belief, FINRA will continue its improper activities, and continue to damage WestPark, unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiff WestPark respectfully demands judgment for itself and against Defendant FINRA as follows:

1. That this Court review the action of Defendant FINRA herein, and adjudge and declare that Defendant FINRA is in violation of 15 U.S.C. § 78s(g)(1);

2. That this Court enjoin Defendant FINRA from requiring Mr. Stern to testify at the arbitration hearing scheduled for December 13, 2010;

3.  That this Court adjudge and declare that Plaintiff WestPark is entitled to a two-day continuance, until Wednesday December 15, 2010, of the appearance of Mr. Stern as a witness in the FINRA Action;

4.  That this Court enter an injunction, enjoining FINRA, its respective officers, agents, servants, employees, privies and all persons in active concert or participation with them, from further preaches of WestPark's rights; and

5.  That this Court award WestPark such other relief as the Court may deem just and proper.

## COUNT TWO – BREACH OF CONTRACT

42.  WestPark repeats and alleges the allegations of Paragraphs 1 through 41 as if set forth herein

43.  WestPark's membership with FINRA constitutes an agreement.

44.  FINRA has breached its agreement with WestPark and failed to abide by its own Code of Arbitration Customer Code Rule 12607 by failing to conduct the arbitration hearing in a manner to ensure that WestPark is given a fair opportunity to present its case.

45.  Claimants in the FINRA Action are seeking more than $400,000 in damages.

46.  As a result, FINRA's breach of the agreement by and between the parties, through the issuance of the Order, subjects WestPark to immediate and irreparable harm by subjecting it to default judgment and/or other sanctions as imposed by the Panel until the Order is enjoined, and WestPark is permitted to present Mr. Stern for testimony no earlier than Wednesday, December 15, 2010.

47.  There is no administrative remedy available to the Order, and therefore, WestPark has no means to seek an alternative administrative remedy.

WHEREFORE, Plaintiff WestPark respectfully demands judgment for itself and against Defendant FINRA as follows:

1. That this Court review the action of Defendant FINRA herein, and adjudge and declare that Defendant FINRA is in violation of 15 U.S.C. § 78s(g)(1);

2. That this Court enjoin Defendant FINRA from requiring Mr. Stern to testify at the arbitration hearing scheduled for December 13, 2010;

3. That this Court adjudge and declare that Plaintiff WestPark is entitled to a two-day continuance, until Wednesday December 15, 2010, of the appearance of Mr. Stern as a witness in the FINRA Action;

4. That this Court enter an injunction, enjoining FINRA, its respective officers, agents, servants, employees, privies and all persons in active concert or participation with them, from further preaches of WestPark's rights; and

5. That this Court award WestPark such other relief as the Court may deem just and proper.

Edward W. Chang, Esq.
D. Md. Bar No.: 27319
**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

899660_1

                Of Counsel:

                Robert V. Cornish, Jr., Esq.
                **DILWORTH PAXSON LLP**
                655 15th Street NW, Suite 810
                Washington, DC 20005
                Telephone: (202) 466-9158
                Facsimile: (202) 452-0930

                Attorneys for Plaintiff WestPark Capital, Inc.

December 13, 2010

11

899660_1

## VERIFICATION

_Richard Rappaport_, being duly sworn, deposes and says that he resides in _Los Angeles_ California; that he is _CEO_ of WestPark Capital, Inc., a Colorado corporation, the Plaintiff in this action; and that he has read the foregoing Verified Complaint and knows the contents of it and that the contents of the Verified Complaint are true of his own knowledge, except as to matters stated in the Verified Complaint on information and belief, and as to those matters he believes them to be true.

Executed on this _12_ day of December, 2010, in _Los Angeles_ County, California.

_/s/ R. Rappaport_
[NAME]
_Richard Rappaport_

899660_1

# CERTIFICATE OF SERVICE

I hereby state that on December 13, 2010, I caused to be served a true and correct copy of the attached Verified Complaint by UPS Overnight Mail, postage prepaid, on the following:

Corporate Creations Network, Inc.
10233 Southard Drive
Beltsville, MD 20705

*Registered Agent for Defendant Financial Industry Regulatory Authority, Inc.*

Bonnie Simon
FINRA Dispute Resolution
5299 Town Center Circle, Suite 200
Boca Raton, FL 33486

*Case Manager for Haugh, et al v. WestPark Capital, Inc., et al., FINRA File No. 09-04244*

_____
Edward W. Chang, Esq.
D. Md. Bar No.: 27319
**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

899660_1